[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO CITE IN A PARTY DEFENDANT
Pursuant to General Statutes 52-102, the defendant has moved to cite in, as an additional party, the operator of a motor vehicle in which the plaintiff was a passenger at the time the accident which forms the basis for the present lawsuit. The plaintiff has objected to the motion on the ground that the statute of Limitations has expired and on the ground that the defendant has failed to provide sufficient information from which the court can conclude that there is factual support for a claim of negligence on behalf of the party to be cited in.
The legislature has established a policy that a party against whom recovery is allowed in a negligence action shall be liable only for his proportionate share of the recoverable damages General Statutes 52-572h(c). The applicable Statute of Limitations, General Statutes 52-584, provides that "No action to recover damages for injury," shall be brought unless it is brought within the time period therein set forth. In the present case, the defendant does not seek to add a party defendant for the purpose of claiming monetary damages but only for the purpose of apportioning her own responsibility for the damages sought by the plaintiff. Accordingly the Statute of Limitations would not prevent the assertion of such a claim because it is not an "action to recover damages." Kennedy vs. Martinez, 7 Conn. L. Rptr. 354 (1992) (Rush, CT Page 2907 J.). Accordingly, the court holds that the expiration of the statutory period provided in 52-584 does not prevent assertion of a claim for apportionment of responsibility under court Reform II.
The defendant also seeks to have the plaintiff amend his complaint so as to cite in the additional party defendant. The court is aware that some courts have held that an appropriate basis upon which to bring a non-party before the court may involve requiring a plaintiff to institute an action against the non-party. see Aponte vs. Johnson, 7 Conn. L. Rptr. 364 (1992) (Rush, J.) and cases therein cited. Where a plaintiff objects to citing in an additional party, the court believes it more appropriate to allow the defendant to assert such claims rather than requiring the plaintiff to do so. See Aponte vs. Johnson, supra; Brozdowski, Admr. vs. Southern Connecticut Gas Co., 7 Conn. Law Reporter 237 (199) (Rush, J.).
The motion filed on behalf of the defendant also states that a complete determination of the present case cannot be had without the presence of the additional party and that the inclusion of that party is essential to a resolution of the case. The memorandum of law filed on behalf of the defendant states that the party to be cited in, "may have contributed to the cause of the motor vehicle accident." There is no claim made by the defendant, either in her motion, supporting memorandum of law or by affidavit or otherwise that the party sought to be cited in was negligent in operation of the vehicle. The court believes that it is appropriate for a defendant, who seeks to have an additional party cited in as a defendant, to provide some basis for a claim of negligence on the part of the proposed defendant. At the present time, there is no direct claim made by anyone that the party to be cited in as a defendant was in anyway responsible for the accident. Under such circumstances, the court denies, without prejudice, the defendant's motion to cite in an additional party. see Baker vs. Franco,7 Conn. L. Rptr. 22 (1992) (Fuller, J.).
RUSH, J. CT Page 2908